# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

KEITH A. HARDESTY                                        PLAINTIFF

v.                  Case No. 3:20-cv-00032 JTK

ANDREW SAUL, *Commissioner*,
Social Security Administration                                     DEFENDANT

## **ORDER**

Plaintiff has filed a motion for attorney's fees under the Social Security Act (SSA) pursuant to 42 U.S.C. § 406(b) for services performed by his attorney, along with a supporting brief and affidavit (DE #21). For the reasons that follow, the Motion is GRANTED.

On January 29, 2020, Plaintiff and his attorney entered into a fee agreement whereby counsel agreed to represent Plaintiff in seeking judicial review of the Commissioner's administrative denial of his claims for social security benefits, and Plaintiff agreed to pay counsel the greater of (1) a fee equal to twenty-five percent of any past-due benefits awarded or (2) the EAJA award. (DE # 21-2) That same day, counsel initiated this action by filing a Complaint. (DE #1) On May 26 2020, the Commissioner filed an Unopposed Motion to Remand for further administrative proceedings. (DE #14) The Court entered an Order and Judgment reversing and remanding Plaintiff's case for further administrative consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (DE #15, DE #16). On remand, Plaintiff subsequently received a favorable decision, finding him disabled. On May 29, 2020, Plaintiff requested attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, awarding an EAJA fee of $4,880.72 in fees (for 23.70 hours of work done by his attorney, at an hourly rate of $204.60) and expenses and costs of $400. (DE #17, DE #20).

On March 30, 2021, Plaintiff was given written notice that he was entitled to monthly disability benefits beginning June 2018. (DE #21-3) The notice informed Plaintiff that his past-due benefits were $61,214 for June 2018 through January 2021. The notice also noted that $15,303.50 was being withheld from his award of past-due benefits, in accordance with the Commissioner's practice of withholding twenty-five (25%) percent of those benefits to pay any later-approved attorney fee award. Counsel averred that Plaintiff's administrative attorney had already been awarded $6,000 under the fee-agreement process. (DE #21-1, n.1) Plaintiff now seeks an award of $9,303.50 for 27.7 hours of court-related attorney work pursuant to the SSA, which when added to the $6,000 agency award to the administrative attorney, would equal twenty-five percent of the past-due benefits awarded. The requested fee of $9,303.50 would be the entire fee the undersigned would receive for representation before the court, and the $4,880.72 EAJA fee originally awarded would be returned to Plaintiff upon approval of the requested 406(b) fee. The Commissioner states he is not a true party in interest; therefore, he declines to assert a legal position on the appropriateness or reasonableness of Plaintiff's request. (DE # 22)

When a Court "renders a judgment favorable to a claimant" in a Social Security case, the Court is authorized to award "a reasonable fee for [claimant's attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).[1] This fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* This provision does not displace contingent-fee agreements entered into between a claimant and his attorney; rather, § 406(b) "calls for court review

---

[1] Under 42 U.S.C. § 406(a), the Commissioner is authorized to award attorney's fees for counsel's representation at the administrative level.

of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). So long as the contingent fee does not exceed 25% of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.* In its analysis, the Court should look first to the contingent-fee agreement and then test it for reasonableness by examining, *inter alia,* the character of the attorney's representation, the results achieved by the representation, whether the attorney was responsible for any delay that produced an accumulation of past-due benefits, the number of hours the attorney spent representing the claimant, and the attorney's normal hourly billing rate for non-contingent fee cases. Where the benefits are large in comparison to the amount of time counsel spent on the case, "a downward adjustment" may be in order to prevent a "windfall" to the attorney. *Id.* at 808–09. Although compensation can be awarded only for court-related work, the Court may consider the attorney's work at the agency level as a factor relevant to the complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court. *See Mudd v. Barnhart,* 418 F.3d 424, 428–29 (4th Cir. 2005).

In Plaintiff's quest for disability benefits, counsel has represented him for a year and a half during the federal court review process. As stated, counsel and Plaintiff entered into a fee agreement in January 2020 whereby counsel agreed to pursue judicial review of the administrative denial of benefits, and Plaintiff agreed to pay counsel a fee of twenty-five percent of any past-due benefits awarded. By entering into this contingent-fee agreement, counsel bore the risk of non-payment in the event no benefits were awarded for the client. As a result of counsel's representation, however, Plaintiff obtained a sentence four remand, and, in post-remand administrative proceedings, an award

of benefits. Plaintiff would have been unsuccessful without judicial action. Plaintiff's counsel has his own law practice which focuses on social security federal court appeals in the Eastern and Western Districts of Arkansas and the Eighth Circuit Court of Appeals; there appear to be no significant delays attributable to counsel; and the number of court-related hours expended is reasonable. Nothing indicates this matter presented issues that were novel or unusually difficult or precluded counsel from accepting other employment. Counsel states in his declaration that his customary hourly rate for representing clients in cases other than social security matters is $250. (DE #21-1) For purposes of attorney's fees under § 406(b), he requests $9,303.50, of which $4,880.72 will be returned to Plaintiff. *Id.*; *see Gisbrecht*, 535 U.S. at 796 (fee awards may be made under both EAJA and § 406(b), but claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

Based on all the relevant factors, this represents a reasonable fee award and adequately furthers the joint purposes of protecting social security claimants from "inordinately large fees" and ensuring that attorneys representing such claimants are appropriately compensated. *See Gisbrecht,* 535 U.S. at 805. Counsel's request is no more than the statutory limit of twenty-five percent of total past-due benefits, and based on his representative cases outlined in the declaration, he frequently represents social-security claimants in this court. This Court recognizes "that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding counsel $10,288.50 under section 406(b) for 29.4 hours of work). Thus, when a lawyer wins having proceeded on a contingency basis, an attorney's fee that might otherwise appear unreasonable may be appropriate. Plaintiff's favorable results would not have occurred without counsel's able representation and experience in the field.

4

*See Gooden v. Saul*, No. 17-05012-CV-SW-LMC, 2021 WL 1098486 (W.D. Mo. Feb. 26, 2021) (awarding counsel $7, 045.63 under section 406(b) for 25.35 hours of work); *Kennessey v. Saul*, No. 2:17-cv-02181-MEF, 2020 WL 7083959 (W.D. Ark. Dec. 3, 2020) (awarding counsel $9,689 under section 406(b) for 24.05 hours of work, which amounts to a rate of $403.87 per hour); *Reese v. Social Security Admin.*, No. 3:14-cv-121-BD (E.D. Ark. July 15, 2020) (awarding $23,813 under 406(b) for 46 hours of work); *Shane T. v. Saul*, Case No. 18-634 (BRT), 2020 WL 5743075 (D. Minn. Sept. 25, 2020) (awarding counsel $21,646.25 for 27.9 hours of work under 406(b), which amounts to $775.85 hourly); *Smith v. Astrue*, No. 06-2091 (ADM/AJB), 2008 WL 260944 (D. Minn. June 24, 2008) (declining to find an effective hourly rate of $1,141.91 excessive, and approving attorney's fees in the amount of $30,066.50 for 26.33 hours of work under 406(b)).

Therefore, pursuant to the SSA, Plaintiff's attorney is entitled to a § 406(b) fee in the amount of $9,303.50, provided this amount, when combined with any fees awarded at the administrative level, does not exceed twenty-five percent of Plaintiff's past-due benefits. As counsel recognizes, he is required to remit the earlier received $4,880.72 EAJA fee to Plaintiff.

IT IS THEREFORE ORDERED THAT:

1. The Motion for Attorney's Fees under 42 U.S.C. § 406(b) (DE # 21) is GRANTED.
2. Counsel is awarded $9,303.50 for attorney's fees under 42 U.S.C. § 406(b).
3. Counsel must refund to Plaintiff the EAJA award of $4,880.72.

IT IS SO ORDERED this 21st day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE